IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                           NO. 4:24-CR-272-O

RICHARD R. SHIH

### PLEA AGREEMENT PURSUANT TO FED. R. EVID 11(c)(1)(B) WITH WAIVER OF APPEAL

Richard R. Shih, the defendant, Richard Steingard, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. §371, that is, conspiracy to commit offenses against the United States. The defendant understands the nature and elements of the crime to which the

defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed five (5) years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Sentencing agreement**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. After considering the factors set forth at 18 U.S.C. § 3553(a), the government believes that, due to the defendant's advanced age and serious physical infirmities, there are grounds for a variant sentence. Specifically, in this case the government believes that a non-custodial sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing. Accordingly, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the appropriate sentence in this case is a term of probation, the duration of which will be determined by the Court. However, the defendant understands that this recommendation is not binding on the Court, and the defendant will not be allowed to withdraw the defendant's plea if the recommendation is not adopted, if the applicable advisory

Plea Agreement—Page 3

guideline range is higher than expected, or if the Court departs from the applicable guideline range. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Forfeiture of property**: The defendant acknowledges that he had or has property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 371, as alleged in the Information. The defendant consents to the entry of a forfeiture money judgment in the amount of eighty-five thousand dollars and zero cents ($85,000.00) (the "Forfeiture Money Judgment"). The defendant agrees that the amount of the Forfeiture Money Judgment represents (a) property, real and/or personal, constituting, or derived from, proceeds traceable to the aforementioned violation, such violation being a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such an offense; and/or (b) substitute assets as defined in 21 U.S.C. § 853(p), and thus are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), in any administrative and/or judicial (civil or criminal) proceeding(s) at the United States' exclusive discretion. The defendant consents to the entry of an Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment. The Forfeiture Money Judgment shall be paid in full on or before December 31, 2024 (the "Due Date"). Payment shall be made by wire transfer, money order, certified check and/or official bank check, payable to the U.S. Marshals Service. Payment by wire transfer shall be made pursuant to written instructions provided by the United States. The defendant waives all statutory deadlines, including but not limited to the deadlines set forth in 18 U.S.C. § 983. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property of the defendant's up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), and

further agrees that the conditions of 21 U.S.C. §§ 853(p)(1)(A)–(E) have been met. The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Information, specifically including the forfeiture of the Forfeiture Money Judgment, and waives any and all constitutional, legal, and equitable rights and defenses pertaining thereto, including but not limited to the right to a jury trial, the defense of improper venue, and a claim of excessive fines under the Eighth Amendment. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property. The defendant agrees that the entry and payment of the Forfeiture Money Judgment are not to be considered payment of a fine, penalty, restitution loss amount or any income taxes that may be due, and shall survive bankruptcy. The defendant further agrees not to assist any person or entity in the filing of a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any proceeding.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the

defendant's plea of guilty. The government will dismiss, after sentencing, any remaining pending charges. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or

**Plea Agreement—Page 7**

forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.   **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 23rd day of October, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

JAY WEIMER
Assistant United States Attorney
Texas State Bar No. 24013727
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 817.978.3094

ALEX LEWIS
Deputy Criminal Chief

JENNIFER KENNEDY GELLIE
EXECUTIVE DEPUTY CHIEF,
PERFORMING THE DUTIES OF CHIEF

_/s/ David R._

DAVID J. RYAN
Trial Attorney
D.C. Bar No. 888325195

BRETT C. REYNOLDS
Trial Attorney
D.C. Bar No. 996100

National Security Division
Counterintelligence and Export Control Section
950 Pennsylvania Avenue, NW, Room 7700
Washington, DC, 20530
Telephone: 202-233-0986
Facsimile: 202-532-4251

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_/s/ Richard Shih_   10-15-2024
RICHARD R. SHIH       Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_/s/ Richard Steingard_   10/18/2024
RICHARD STEINGARD          Date
Attorney for Defendant